Littleton, Judge,
delivered the opinion of the court:
The claim made in this case arises under section 12 of the act of May 18, 1920, 41 Stat. 601, 604, section 12 of the act of June 10, 1922, 42 Stat. 625, 631, and Executive Order 3726 dated August 25, 1922.
There can be no question that the orders received by plaintiff March 9, 1932, constituted a permanent change of station and that plaintiff was entitled to the travel allowances claimed. Bullard v. United States, 66 C.Cls. 264; Henry v. United States, 74 C.Cls. 527. However, counsel for the defendant contend that the decisions in these cases are-not applicable here for the reason that the travel involved in this case was not performed until subsequent to the effective date of plaintiff’s retirement, while in the cases mentioned the travel occurred prior to retirement, and that, for this reason, it cannot be said that plaintiff traveled to his home to await orders. We are of opinion that the attempted. distinction is without merit and that the decisions in the Bullard and Henry cases are applicable.
Plaintiff was authorized by legal and competent authority to delay, at his convenience, in proceeding to his home, in obedience to the orders given, but the orders stated that travel thereunder should be performed within one year after detachment, that is, one year after March 4, 1932, and this-was done. The fact that orders were issued placing the-plaintiff on the retired list before the travel was performed cannot deprive him of the allowance therefor given by the-statutes. Such travel was performed strictly in accordance-with the orders issued to him by competent authority, and when the trip was made he was still a commissioned officer-of the United States. His station was changed and he-traveled to his home after a period of active duty. A retired officer returning from a tour of active duty is entitled to the-same allowances credited officers on the active list, among; which are travel allowances for dependents..
*489 Plaintiff is clearly entitled to recover the amount of $314.38, and judgment therefor will be entered. It is so ordered.
Whaley. Judge; Williams, Judge; Green, Judge; and; Booth, Chief Justice, concur.